

*Minute Order Form (06/97)*

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3828 | **DATE** | 9/30/2002 |
| **CASE TITLE** | Kathy Arnold etc. et al. Vs. The Bd of Ed for Round Lake etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. Defendants' motion to dismiss is granted and plaintiff's complaint is dismissed without prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | OCT 01 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | G.V. docketing deputy initials | 17 |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KATHY ARNOLD, as mother and best friend )
of Michael Mindy, and MICHAEL MINDY, )
a minor, )
)
            Plaintiffs, )
)
vs. ) No. 02 C 3828
)
THE BOARD OF EDUCATION FOR ROUND )
LAKE AREA SCHOOLS - CUSD NO. 116, )
et al., )
)
           Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Kathy Arnold brought this action in state court together with and on behalf of her son, Michael Mindy, against the Board of Education for Round Lake Area Schools and individual members of the Board, alleging that they willfully delayed in conducting a case study analysis as required by 105 ILCS § 5/14-8.02, failed to give her adequate notice of the hearing on her son's Individual Education Plan (IEP), and willfully disregarded her son's behavioral problems, causing severe emotional distress. Defendants removed the case to federal court and filed a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6). Because plaintiff failed to exhaust her administrative remedies as required by the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq.*, defendants' motion is granted.

## BACKGROUND

The facts are taken from plaintiffs' complaint. Plaintiff, Michael Mindy, while an

eighth grade student at Magee Middle School in Round Lake, Illinois, had numerous academic and behavior problems. In October 2001, Michael's mother, Kathy Arnold, requested that the school district conduct a case study evaluation (CSE) of Michael to determine whether he had a disability that would qualify him for special education or reasonable educational accommodations. Illinois law mandates that a CSE must be conducted within 60 days; yet, not until February 22, 2002, did defendants issue a notice of intent to convene a meeting to discuss a possible IEP for Michael. Although Illinois law requires the parent to receive 10 days' notice, the hearing was scheduled for March 1, 2002. At the IEP meeting itself, defendants again failed to comply with the statutory requirements as there was no regular education teacher, special education teacher or LEA representative at the meeting. The meeting was adjourned with the intention to reconvene with an appropriate team.

On April 15, 2002, plaintiffs' counsel mailed a letter to defendant Paul Biscini detailing the alleged violations. The CSE meeting was not reconvened until May 9, 2002, at which time the parties unanimously agreed that Michael was eligible for special education due to learning disabilities and emotional disturbances. They agreed that he should receive 100 hours of one-on-one tutoring in the interim to ensure his successful completion of the eighth grade, and that beginning on September 3, 2002, Michael's classroom would be a special education classroom. Despite plaintiffs' demands, defendants refused to allow Michael to participate in graduation ceremonies from the eighth grade.

Plaintiffs filed their complaint in the Circuit Court of Lake County without challenging the Board's actions at a due process hearing, as provided by 105 ILCS § 5/14-8.02a.

## DISCUSSION

The initial complaint consisted of three counts. Count I asked for a declaratory judgment decreeing that defendants broke state laws in their handling of Michael's case. Plaintiff now seeks to amend that claim to an action under 42 U.S.C. § 1983 and 42 U.S.C. § 1985, claiming violations of Michael's civil rights. Count II was a request for injunctive relief, ordering the defendants not to take any action to stop Michael from participating in graduation. This court has already ruled on the injunction, graduation has passed and plaintiffs concede that this count is moot. Count III alleges state law intentional infliction of emotional distress by defendants.

Reading plaintiffs' claim liberally, they now allege violations of § 1983 and § 1985 and state law by the school board and its individual members. Although the complaint does not mention the IDEA, it alleges violations of the Illinois state counterpart to the Act, 105 ILCS § 5/14-1.01 *et seq*. Defendant moves to dismiss the claim, arguing that the IDEA, 20 U.S.C. § 1415(f), prohibits plaintiffs from bringing this claim until they have exhausted all potential administrative remedies.

Any pupil who wants relief available under the IDEA must exhaust available administrative remedies, regardless of the specific allegations in the complaint. Charlie F. v. Board Of Educ. of Skokie Sch. Dist. 68, 98 F.3d 989, 991 (7th Cir. 1996). While plaintiffs do not mention the IDEA by name in their complaint, they essentially allege failure in the procedures that the school board took in determining Michael's eligibility for special education services. The IDEA covers "any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to

such child." 20 U.S.C. § 1415 (b)(1)(E).

Plaintiffs argue that, because they are claiming money damages under §§ 1983 and 1985 and state tort law, they are asking for relief which is not available under the IDEA. The Seventh Circuit has determined that the "nature of the claim and the governing law determine the relief no matter what the plaintiff demands." Charlie F., 98 F.3d at 992. Relief available means "relief for the events, condition, or consequences of which the person complains, not necessarily relief of the kind the person prefers." *Id.* The damages plaintiffs seek result from defendants' handling of Michael's special education requirements, which is covered by the IDEA.[1]

Plaintiffs finally argue that they should be excused from the exhaustion requirement because the process would prove futile, presenting two arguments. First, they argue that the administrative hearing officer could not award money damages. Again, the mere fact that plaintiffs seek money damages does not excuse the exhaustion requirement. Charlie F., 98 F.3d at 998. Second, plaintiffs argue that judicial economy supports their argument, as the case will likely return to this court anyway. This contradicts a main purpose of the exhaustion requirement. *See* Bills v. Homer Consolidates Sch. Dist. No. 33-C, 959 F.Supp. 507, 511 (N.D.Ill. 1997) (holding that one purpose of requiring exhaustion is avoiding "unnecessary judicial review by allowing agencies to correct errors"). If plaintiffs are unsatisfied with the

---

[1] As plaintiff argues, other jurisdictions disagree with this reading of the IDEA. *See e.g.,* Witte v. Clark Co. Sch. Dist., 197 F.3d 1271, 1275 (9th Cir. 1999) (holding that the IDEA does not require exhaustion of administrative proceedings when seeking money damages because such remedies are not available under the IDEA). We are, however, bound by the Seventh Circuit's interpretation of the statute. We are mindful of plaintiffs' contention that they are seeking relief for pre-IEP violations and, with an IEP now in place, a due process hearing would not provide any remedy. That is, however, an argument better made to the Seventh Circuit. Their complaint, as filed, sought a declaration that the defendants' conduct was of a nature that violated IDEA, and we think those allegations clearly fall within the ambit of Charlie F.

outcome of the full administrative proceedings, only then should they look to the courts for relief.

We do not need to address the sufficiency of plaintiffs' allegations. While plaintiffs may be able to state a claim, they must first go through the appropriate administrative channels.

### CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is granted and plaintiff's complaint is dismissed without prejudice.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

Sept. 30, 2002.